# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2013

Lyle W. Cayce
Clerk

No. 12-30830
Summary Calendar

SHAUN CAMPBELL,

Plaintiff-Appellee-Cross-Appellant,

v.

CHET MORRISON CONTRACTORS, L.L.C.,

Defendant-Appellant-Cross-Appellee.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:11–CV–1358

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Shaun Campbell ("Campbell") brought this admiralty suit against Chet Morrison Contractors, LLC ("Morrison"), alleging that Morrison's negligence and the unseaworthiness of Morrison's vessel proximately caused him injury while he was working on a fixed platform in the Gulf of Mexico. After a two-day bench trial, the district court found in favor of Campbell on both theories. Both parties appeal from the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30830

Morrison challenges the district court's evidentiary rulings on three points. "We review a district court's exclusion of evidence for an abuse of discretion." *R.R. Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 217 (5th Cir. 2005) (citing *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 551 (5th Cir. 2005)). Upon review of the record, the district court acted within its discretion in excluding the evidence at issue.

Morrison also raises five issues challenging the district court's findings with respect to negligence, the vessel's seaworthiness, and the damages award. We review these district court findings for clear error. *See Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 213 (5th Cir. 2006); *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). If the district court's findings are plausible in light of the record as a whole, then we will not reverse its judgment, even though we might have weighed the evidence differently sitting as the trier of fact. *Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258 (5th Cir. 2006) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985)). A finding is clearly erroneous when we are "left with the definite and firm conviction that a mistake has been committed." *Id.* at 258–59 (quoting *Walker v. Braus*, 995 F.2d 77, 80 (5th Cir. 1993)). Having reviewed the briefs, the applicable law, and pertinent portions of the record, we conclude that there is no clear and reversible error in the district court's findings.

Finally, Campbell asserts one issue on cross-appeal, challenging the district court's finding that calculating his future medical costs for pain medication was too speculative. Campbell, however, has not shown that the district court's finding was clearly erroneous. *See Jauch*, 470 F.3d at 213.

AFFIRMED.

2